# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DENNIS B. NELSON,**

      **Plaintiff,**

vs.                                         Civ. No. 17-919 JCH/SCY

**CITY OF LAS VEGAS,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER OF REMAND

This case is before the Court on *Plaintiff's Motion to Remand and Request for Attorney's Fees* [Doc. 9]. The question raised by the motion is whether a defendant who fails to remove a case after the plaintiff has pled a federal claim, but instead opts to litigate and file a motion for summary judgment in state court, may have a second opportunity to remove after the plaintiff amends his complaint to include a request for certification of a collective action based on different facts and at the risk of a larger damage award against the defendant. After reviewing the motion, response, reply, and relevant authorities and precedents, the Court concludes that the right to removal cannot be revived under the circumstances presented here. As a result, the motion to remand will be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2015, Plaintiff Dennis Nelson ("Nelson") filed his original, *pro se* complaint against his former employer, Defendant City of Las Vegas ("the City") in the Fourth Judicial District Court, County of San Miguel, State of New Mexico. *See* Complaint, Doc. 4-1, Ex. 3 at 8 of 51. Nelson alleged that the City violated the Fair Labor Standards Act ("FLSA") by

failing to properly pay him and other police officers for overtime. *Id.*, Ex. 3 at 10 of 51. The complaint asserts these allegations, but does not purport to make a claim on behalf of anyone besides Nelson. The City filed an answer to the complaint, *see* Doc. 4-2, Ex. 34 at 32 of 50, as well as a "motion for judgment on the pleadings for failure to state a claim upon which relief can be granted," s*ee* Defendants' Motion for Judgment on the Pleadings, Doc. 4-3, Ex. 46 at 9 of 47, in which it sought dismissal of Nelson's FLSA claims. Then Nelson retained counsel, who moved to consolidate Nelson's FLSA case with a whistleblower complaint Nelson had filed *pro se* against the City on May 27, 2016.

On July 28, 2017, the state court granted the motion to consolidate. *See* Doc. 4-3., Ex. 50 at 23 of 47. That same day, Nelson filed a motion for leave to file an amended complaint. Doc. 4-3, Ex. 51, at 26 of 47. The state court granted that motion as well. Doc. 4-3, Ex. 52 at 45 of 47. On August 30, 2017, Nelson filed his amended complaint, Doc. 4-4, Ex. 53 at 1 of 34, which reasserted Nelson's FLSA claim but set forth no new federal cause of action. The amended complaint did add a request that the court certify a class action for Nelson's New Mexico Minimum Wage Act claim, as well as a collective action for his federal FLSA claim and his breach of contract claim. *Id*. On September 8, 2017, the City filed its Notice of Removal [Doc. 1] in this federal district court. The City's notice of removal does not set forth the procedural history of this case and states merely that this Court has original, federal question jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 over Nelson's FLSA claim and supplemental jurisdiction over his state law claims. *Id*. It appears that the parties have not conducted discovery or litigation on the merits of the amended complaint.

On October 4, 2017, Nelson filed his motion to remand and request for attorney's fees. Doc. 9.

## LEGAL STANDARD

Defendants may remove a civil action to federal court where the district court would have original jurisdiction over the case. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Nonetheless, a presumption against removal jurisdiction exists, and federal courts "are to ... narrowly [construe removal statutes] in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The defendant seeking to remove an action to federal court bears the burden of establishing the district court's subject-matter jurisdiction over the case. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Under the well-pleaded complaint rule, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (citations omitted). Thus, a federal defense, for instance, typically cannot satisfy the well-pleaded complaint rule, and thus cannot create federal question jurisdiction. *Id.* at 1204. "[T]hough a federal cause of action is not a necessary predicate for federal-question jurisdiction, a federal question apparent on the face of the well-pleaded complaint is indispensable." *Nielsen v. Archdiocese of Denver*, 413 F.Supp.2d 1181, 1185 (D. Colo. 2006) (citing *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)).

In civil actions, 28 U.S.C. § 1446(b) generally controls the time for removing cases from a state court to a federal court. It requires that the notice of removal of a civil action or proceeding be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial* pleading setting forth the claim for relief upon which the action or proceeding is based, or within 30 days after the service of the summons upon the defendant when the initial pleading has been filed in state court and is not required to be served on the defendant, whichever period is shorter. "The purpose of the provision is to prescribe a uniform time frame, at the beginning of immediately removable actions, within which removal will be effected. The goal is early resolution of the court system in which the case will be heard." 14B Fed. Prac. & Proc. Juris. § 3731 (4th ed.). Failure to file notice of the removal within the time set forth in § 1446(b) constitutes a defect in removal procedure, warranting a remand. *Huffman*, 194 F.3d at 1077.

The right to remove a case to federal court may be waived by not acting within the statutory removal deadlines. *See Huffman*, 194 F.3d 1072, 1077 (10th Cir. 1999). In addition, a defendant waives removal by taking some substantial offensive or defensive action in the state court action—which includes filing a motion to dismiss or a motion for summary judgment—indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court. *City of Albuquerque v. Soto Enters., Inc*., 864 F.3d 1089, 1098 (10th Cir. 2017).

## **DISCUSSION**

Nelson argues that the City's removal of the case in September of 2017 is untimely, as it was clear from the face of the original complaint—filed two years earlier in September of 2015—that Nelson was bringing a claim under the FLSA. This is further supported, Nelson argues, by the fact that the City filed a motion in state court arguing that his FLSA claims were

not cognizable, thereby litigating the merits of the federal claim in state court. Nelson contends that having waived its opportunity to remove the case at the outset, the City may not get a "second bite at the apple" at a later stage of the case. In response, the City contends that the amended complaint is so different from the original that it constitutes an entirely new claim, and that under the revival exception, it should have a second opportunity to remove.

I.  **Comparing the Original and Amended Complaints**

Apparently recognizing that it did not remove the case in a timely fashion with regard to the federal question appearing on the face of the original complaint, the City argues that its right to remove to federal court was "revived" by the filing of Nelson's amended complaint, which it contends "so changed the character of the litigation as to make it a substantially new suit." Doc. 10 at 1 and 2. This fundamental change, the City argues, stems from the fact that Nelson added a collective action component to his pre-existing FLSA claim, revised the factual basis of his wage claims, and expanded the nature of the damages he is seeking from the City. Doc. 10 at 2.

Specifically, with regard to the changes in the character of the litigation, the City contends that while his original complaint asserted an FLSA claim only for himself, Nelson's amended complaint also asserts an FLSA collective action on behalf of all current or former police officers employed by the City of Las Vegas since January 1, 2007. Doc. 10 at 4. With regard to the factual basis of those claims, the City argues that the original complaint asserted that the City erred in calculating overtime differential pay and failed to pay Plaintiff for time spent taking his work vehicle to be repaired, and answering work-related telephone calls and texts. Now, Nelson asks to be paid for opening up the shooting range while he was off duty, and that class members are entitled to be compensated for time spent writing reports. He also now alleges that the City systematically underpaid officers on swing and graveyard shifts, and failed

5

to pay officers according to written agreements. Doc. 10 at 5. Finally, with regard to damages, Nelson's amended complaint added compensatory damages for the class members causing the amount at stake to "balloon to a significant degree" and included a new request for a declaratory judgment. Doc. 10 at 5-6.

## II. The "Revival" Exception

The City seeks the rarely-granted "revival exception" to the 30-day requirement of § 1446. The revival exception was briefly discussed and used in *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956), was given a name in *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962 (7th Cir. 1982) (declining to apply the exception), and was utilized in *Johnson v. Heublein*, 227 F.3d 236 (5th Cir. 2000). In *Johnson*, the court applied the revival exception on the grounds that the amended complaint resulted in a complete re-alignment of the parties, the new allegations bore "no resemblance whatsoever" to those of the original complaint, and the defendants were now "confronted with a suit on a construction contract involving exposure to substantial compensatory and punitive damages, instead of only a questionable conversion claim by a competing creditor with an apparently inferior lien," thus starting "a virtually new, more complex, and substantial case ... upon which no significant proceedings ha[d] been held." *Id*. at 242. Under this judicially-created exception, a defendant might theoretically be allowed to "revive" the original removal period under § 1446 "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute substantially a new suit begun that day." *Wilson*, 668 F.2d at 965.

In *Johnson* the Fifth Circuit affirmatively relied upon the revival exception. There, the court applied the revival exception because new and more complex allegations in the amended complaint bore "no resemblance whatsoever" to allegations in original complaint and the original

6

parties were realigned in a completely different manner. *Johnson*, 227 F.3d at 242. Both *Wilson* and *Cliett* relied upon an older decision from the Tenth Circuit, *Henderson v. Midwest Ref. Co.*, 43 F.2d 23 (10th Cir. 1930). In *Henderson*, the amended complaint changed the legal theory of the action from one seeking purely equitable relief for title to property to one seeking damages at law resulting from a fraudulent conspiracy. *Id*. at 24. The Court described it as "an abandonment of the original for a new cause of action." *Id*. at 25.

On the other hand, many courts have either ignored the revival exception or viewed it with skepticism. *See, e.g., Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351 (S.D. Ala. 2014) (recognizing that the Eleventh Circuit has not endorsed revival exception); *Daggett v. Am. Sec. Ins. Co.*, No. 2:08-cv-46-FtM-29DNF, 2008 WL 1776576 at *3 (M.D. Fla. Apr. 17, 2008) ("The [c]ourt doubts that a revival exception can be read into the clear dichotomy set forth in § 1446(b). Either a case is removable based on the initial pleading or it is not. If it is removable, defendant must do so within thirty days. Subsequent conduct can only affect removability if the case was not originally removable."); *Williams v. EDCare Mgmt., Inc.*, No. 1:08-CV-278, 2008 WL 4755744 at *8 (E.D. Tex. Oct. 28, 2008) ("If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'"); *Ray v. Trimpspa Inc*., No. CV 06-6189 AHM (VBKx), 2006 WL 5085249 at *3-4 (C.D. Cal. Nov. 20, 2006) ("[T]he revival exception is a doctrine of dubious application in light of the strict construction this court must accord to the removal statutes."); *Dunn v. Gaiam, Inc*., 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001) ("[G]iven the strict construction which the [c]ourt must apply to the removal statutes, on procedural as well as substantive issues, the wisdom of such a judicially-created exception might be questioned as an initial matter."); *Black v. Brown & Williamson Tobacco Corp*., No. 4:05CV01544 ERW, 2006

WL 744414 at *3 (E.D. Mo. Mar. 17, 2006) ("A defendant who fails to remove within the thirty-day period waives the right to remove at a later time. A defendant waiving removal on the initial petition does not regain the opportunity to remove the matter based on subsequent events."); *Sehl v. Safari Motor Coaches, Inc.*, No. C 01-1750 SI, 2001 WL 940846, *4 (N.D. Cal. Aug.13, 2001) ("[S]ince [defendant] failed to remove the case within thirty days of the original complaint, which was removable at that time, [defendant] thereby waived its right to file a subsequent removal even though the complaint was amended to create a new basis for removal."); *Burke v. Atl. Fuels Mktg. Corp.*, 775 F. Supp. 474, 477 (D. Mass. 1991) (describing the revival exception as a "judicial gloss" and strongly suggesting that certain clarifying amendments to the removal statutes "rejected the rule of those cases"); *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989) (holding that changes to a complaint that create a new basis for removal do not undo the original waiver; "[i]f a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b)[, and] subsequent events do not make it 'more removable' or 'again removable' "); *Hubbard v. Union Oil Co. of California*, 601 F. Supp. 790 (S.D.W. Va. 1985) (concluding that it would frustrate the purpose of § 1446(b) if a defendant "were allowed to decline to remove a case upon one ground and then, later in the litigation, attempt to remove the case when a second ground for removal presented itself").

**III.    Analysis**

To the Court's knowledge, the Tenth Circuit has not addressed the viability of the revival exception since 1930, when it decided *Henderson*, 43 F.2d at 23. Thus, that is the only existing case that can guide this Court regarding the Tenth Circuit's current view of the exception. However, it is worth noting that *Henderson* was decided prior to the enactment in 1949 of 28 U.S.C. § 1446(b), which uses the mandatory language that a notice of removal "shall be filed

8

within 30 days . . ." Prior to 1949, the statute stated only that notice "may be filed" within that time limit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing*, *Inc.,* 526 U.S. 344, 351-52 (1999) (describing the statutory history of § 1446(b)). Thus, the *Henderson* court was working under a different understanding of statutory removal procedures. This Court believes that if it was asked to recognize the revival exception at this point, the Tenth Circuit would decline to do so. This is because the current language of Section 1446(b)(1) unambiguously precludes judicial recognition of a "revival exception." Rather, it requires that a case be removed within 30 days of receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based; it admits of no exceptions. And, as the Supreme Court noted in *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002), "[t]hese statutory procedures for removal are to be strictly construed." This, in turn, is consistent with the well accepted presumption against removal jurisdiction, as well as the principle that federal courts must narrowly construe removal statutes in light of their constitutional role as limited tribunals. There seems to be little room for a judicially created exception to § 1446(b).

Furthermore, even if the Tenth Circuit were to conclude that a revival exception exists in the vein described in *Henderson*, that exception should be applied only where an amended complaint so changes the nature of [the] action as to constitute substantially a new suit. *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc*., 668 F.2d 962, 965 (7th Cir. 1982). In *Henderson*, plaintiff initially sued to impose a constructive trust and an accounting to recover the past and future proceeds of oil leases to which plaintiffs claimed superior rights. Plaintiffs filed an amended complaint in *Henderson* that abandoned this initial claim, instead seeking damages based on an alleged conspiracy to defraud plaintiffs of their rights to a lease. 43 F.2d at 24-25. Thus, the new pleading converted the case from one in equity seeking equitable relief to one at

9

law seeking damages for conspiracy. The Tenth Circuit described the change as "an abandonment of the original for a new cause of action" and ruled that, "when the plaintiffs filed their amended petition stating a new and different cause of action, appellee's right to remove that case could not and did not arise until the amended petition was filed ...." *Id*. at 25. "Defendant apparently was content to remain in the state court on the cause of action stated in the original petition, but that seems to be no reason for denying to it its right of removal of *an entirely new and different cause of action* pleaded in the so-called amended petition." *Id*. (emphasis added).

In contrast to *Henderson*, the causes of action in the amended complaint in this case cannot be described as entirely new and different—it began as a claim for unpaid wages under the FLSA, and it remains so. Although it is true that the factual allegations underlying Nelson's theory of the FLSA violation have changed, the cause of action itself has not. Furthermore, a request to certify a collective action under the FLSA has certainly expanded the claim, but has not changed it so fundamentally that it can be considered "an entirely new and different cause of action." Thus, even if the revival exception exists in the Tenth Circuit, the present case does not satisfy its requirements. Thus, the removal is untimely, and the case will be remanded to the state district court.

## IV. Attorney's Fees

The district court may award attorney's fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c), which states in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A defendant's untimeliness in filing his notice of removal is "precisely the type of removal defect contemplated by § 1447(c)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (discussing non-reviewability provision). If objectively unreasonable, an untimely

law seeking damages for conspiracy. The Tenth Circuit described the change as "an abandonment of the original for a new cause of action" and ruled that, "when the plaintiffs filed their amended petition stating a new and different cause of action, appellee's right to remove that case could not and did not arise until the amended petition was filed ...." *Id*. at 25. "Defendant apparently was content to remain in the state court on the cause of action stated in the original petition, but that seems to be no reason for denying to it its right of removal of *an entirely new and different cause of action* pleaded in the so-called amended petition." *Id*. (emphasis added).

In contrast to *Henderson*, the causes of action in the amended complaint in this case cannot be described as entirely new and different—it began as a claim for unpaid wages under the FLSA, and it remains so. Although it is true that the factual allegations underlying Nelson's theory of the FLSA violation have changed, the cause of action itself has not. Furthermore, a request to certify a collective action under the FLSA has certainly expanded the claim, but has not changed it so fundamentally that it can be considered "an entirely new and different cause of action." Thus, even if the revival exception exists in the Tenth Circuit, the present case does not satisfy its requirements. Thus, the removal is untimely, and the case will be remanded to the state district court.

## IV. Attorney's Fees

The district court may award attorney's fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c), which states in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A defendant's untimeliness in filing his notice of removal is "precisely the type of removal defect contemplated by § 1447(c)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (discussing non-reviewability provision). If objectively unreasonable, an untimely

removal may give rise to an award of fees and costs under § 1447(c). *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir. 2006). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court cannot conclude that the City's removal was entirely unreasonable. The Fifth Circuit has applied the revival exception. Furthermore, the Tenth Circuit's decision in *Henderson*, though old, provides a non-frivolous basis for the City's argument that the revival exception is valid and should apply. Based on this, and the fact that Nelson's amended complaint did expand the scope of his FLSA claim, the Court concludes that Nelson's request for attorney's fees and costs should be denied.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Remand and Request for Attorney's Fees* [Doc. 9] is **GRANTED IN PART** and **DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that this case is hereby **REMANDED** to the Fourth Judicial District Court, County of Miguel, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**